# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

RAY ROCHA,
     Plaintiff,

     v.

CHRIS BERG, in his official
capacity as a Bay County Deputy
Sheriff,

     and

TROY CUNNINGHAM, in his official
capacity as the Bay County Sheriff,
     Defendants

_____/

Case No.: 26-cv-12762
Hon. _____

**COMPLAINT**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
THOMAS J. LAMBERT (P86348)
Attorneys for Plaintiff
530 West Saginaw St
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com
tlambert@olcplc.com

---

## COMPLAINT

NOW COMES Plaintiff RAY ROCHA, by and through counsel, and complains as follows:

1.    This civil rights action seeks federal relief against future enforcement of M.C.L. § 259.321 in a manner that prohibits or punishes non-interfering aerial recording and livestreaming of police officers performing public duties in public places.

1

2.     The *Unmanned Aircraft Systems Act*, as applied, violates the First and Fourteenth Amendments to the United States Constitution.

## PARTIES

3.     Plaintiff RAY ROCHA is a resident of Bay City, Michigan, and a citizen journalist and drone operator who gathers and publishes information of public concern through Baycountylive.

4.     Defendant CHRIS BERG is a Deputy Sheriff employed by the Bay County Sheriff's Office and is sued only in his official capacity for prospective declaratory and injunctive relief as he operates the Sheriff's Office's law-enforcement drone, self-determines in the field whether civilian drone activity purportedly interferes with police operations, directs or requests responsive law-enforcement action, investigates suspected violations of M.C.L. § 259.321, prepares warrant materials, and refers suspected violations for prosecution.

5.     Defendant TROY R. CUNNINGHAM is the elected Sheriff of Bay County and is sued only in his official capacity for prospective relief because the Sheriff's Office investigates alleged violations, operates the government-owned drone(s), directs deputies, and refers suspected violations of M.C.L. § 259.321 for prosecution.

## JURISDICTION

6.     This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the First and Fourteenth Amendments and 42 U.S.C. § 1983.

7.     Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

8.     Prospective injunctive relief against the responsible official is authorized by 42 U.S.C. § 1983 and *Ex Parte Young*, 209 U.S. 123 (1908) and its progeny.

9.     Venue is proper within the Northern Division of the Eastern District of Michigan.

## GENERAL ALLEGATIONS

10.    The First Amendment protects newsgathering and the creation of photographs and audiovisual recordings as an integral step in the

dissemination of information and protects the public's gathering of information about officials performing public duties in public places, subject to valid, narrowly tailored safety and anti-interference rules.

11. Michigan law provides that an individual shall not knowingly and intentionally operate an unmanned aircraft system "in a manner that interferes with" specified public-safety personnel, including law-enforcement officials. M.C.L. § 259.321.

12. The statute does not define "interferes," prescribe an objective separation distance, distinguish physical obstruction from observation or publication, or identify when a civilian's otherwise lawful recording becomes criminal because an officer says that it is distracting, reveals information, or creates a hypothetical contingency.

13. Plaintiff ROCHA operates a Facebook-based news and public-information platform known as "Ray Rocha's Baycountylive" at https://www.facebook.com/ray.rocha.s.baycountylive.

14. It is a popular news-broadcasting platform with over 12,000 followers.

15. The Baycountylive platform publishes video and commentary about breaking news, criminal incidents, and law-enforcement activities for citizens in and around Bay County.

16. Plaintiff ROCHA uses camera-equipped drones to document and publish matters of public concern in Bay County, including public works, fires, traffic incidents, community events, and police activity.

17. The platform's subject matter includes police activity, and its recordings facilitate public discussion about official conduct and community safety.

18. On November 10, 2024, Bay City police and Bay County Sheriff's deputies searched for suspects near West Arnold and South Warner Streets.

19. As part of the law-enforcement response, Defendant BERG deployed a government drone equipped with thermal-imaging and recording technology.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

20.    A copy of the drone deputy's body-cam is available at: https://youtu.be/rED-Dw2pGLg.

21.    As part of recording public events and for newsgathering and reporting purposes, Plaintiff ROCHA launched a camera-equipped drone from the Kolb Elementary School parking area and livestreamed the government search.

22.    The preserved flight log identifies a flight beginning at approximately 5:45 p.m., with a maximum altitude of approximately 390 feet and a maximum distance from the launch point of approximately 1,905 feet as recorded by the drone—



23.    The government drone operator, Defendant BERG, observed Plaintiff ROCHA's drone substantially north of his position near the Kolb Elementary baseball fields.

24.    In his report, Defendant BERG acknowledged that "the civilian drone was not that close to the department drone."

4

25.     Yet, Defendant BERG claims to have stopped operating the government drone because he believed that he could not monitor both drones simultaneously (which is believed to be a pretextual assertion).

26.     The deputy did not report an actual collision, near collision, loss of control, forced emergency maneuver, physical contact, injury, property damage, or incursion into a federally restricted flight area.

27.     Instead, the deputy posited that, if the government drone lost connection and initiated an automated return-to-home function, its programmed flightpath could *potentially* encounter Plaintiff ROCHA's drone.

28.     Defendant BERG called Central Dispatch and requested a broadcast directing any civilian drone near the incident to land.

29.     The broadcast did not identify an objective violation of a boundary limitation, altitude limitation, separation distance requirement, duration restriction, or federally issued temporary flight restriction.

30.     Instead, Defendant BERG commanded the complete termination of all civilian drone operations—and therefore civilian aerial recording—anywhere near the incident.

31.     Plaintiff ROCHA heard the broadcast during his livestream.

32.     A copy of the recording of the livestream is available at https://youtu.be/PZLUWE_gsVg.

33.     Plaintiff ROCHA stated that he was in the Kolb parking lot, was appropriately staying away from the government drone, and was prepared to show viewers the separation between the aircraft.

34.     The video (https://youtu.be/PZLUWE_gsVg) at approximately 00:11:35 depicts substantial and sufficient physical separation between the drones with no threat of collision, near collision, physical contact, or the need of any emergency maneuver.

35.     Nevertheless, law enforcement later requested that Plaintiff ROCHA land his drone to cause the end of his newsgathering and recording.

36.     The officer characterized the request as voluntary.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

37.     Plaintiff ROCHA responded that he would land if ordered under threat of arrest.

38.     The officer did not arrest Plaintiff ROCHA, did not issue an unequivocal order to land, and told Plaintiff ROCHA that the decision was up to him.

39.     The encounter ended amicably.

40.     Defendant BERG subsequently stated in his report that he considered Plaintiff ROCHA to have violated M.C.L. § 259.321 because Defendant BERG self-decided to discontinue the government-drone operation in response to the civilian drone's presence and a hypothetical return-to-home contingency.

41.     Defendant BERG referred Plaintiff ROCHA to the Bay County Prosecutor for criminal charges.

42.     Approximately seven months after the November 2024 flight, on or about June 10, 2025, a misdemeanor charge under MCL 259.321 as part of the *Unmanned Aircraft Systems Act* was authorized based upon Defendant BERG's investigation and referral.

43.     The criminal complaint alleged only the statutory conclusion that Plaintiff ROCHA knowingly and intentionally operated a drone in a manner that interfered with a police officer's official duties. **Exhibit A**.

44.     As a condition of pretrial release, Plaintiff ROCHA initially was prohibited from possessing or using drones.

45.     After a two-day trial, a six-person jury convicted Plaintiff ROCHA on May 1, 2026.

46.     Plaintiff ROCHA has not appealed and will not appeal that conviction. He accepts the judgment as final and seeks no reversal, vacatur, expungement, refund, damages, or other relief concerning the conviction or sentence.

47.     The state court imposed a $575 fine and one day of incarceration with credit for time served on June 16, 2026; however, this current federal action concerns only Defendants' threatened enforcement of M.C.L. § 259.321 against Plaintiff ROCHA's future conduct.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

48.     The prosecution publicly defended the outcome as a matter of policy.

49.     Plaintiff ROCHA, through counsel, publicly warned that the theory permits police to take newsgatherers out of the sky whenever officers deploy their own drone; no corrective action has been taken.

50.     Plaintiff ROCHA outlines the prior prosecution solely to establish Defendants' interpretation of M.C.L. § 259.321 and the credible threat of renewed enforcement; he does not request this Court to determine whether his November 10, 2024 operation interfered with official duties or otherwise to revisit any factual or legal determination underlying his conviction.

51.     Plaintiff ROCHA currently operates and intends to continue operating drones to record and publish matters of public interest, however, the prior prosecution and continuing uncertainty surrounding MCL 259.321 chills him from fully using a drone to record police and public-safety activity whenever officers may regard the drone's mere presence, observation, or recording as interference despite being constitutionally protected.

52.     Plaintiff ROCHA's intended future activity does not include colliding with, chasing, blocking, disabling, or dangerously approaching a public-safety aircraft; entering restricted airspace; disobeying a lawful and adequately specified safety order; or otherwise materially obstructing public-safety duties.

53.     But the government's prior interpretation makes Plaintiff ROCHA reasonably fear that officers will again deem his recording criminal merely because it distracts an officer, captures or publishes police locations, occurs within an undefined "area of the incident," or presents a hypothetical automated-flight contingency.

54.     That uncertainty presently chills Rocha's creation and dissemination of protected recordings.

55.     Plaintiff ROCHA intends to continue using drones to gather and publish news about police activity in public places while maintaining visual line of sight, complying with applicable aviation rules, yielding reasonable physical separation, and avoiding material obstruction or danger.

56.     Defendant BERG, acting within the Sheriff's Office directed by Defendant CUNNINGHAM, previously determined that Plaintiff ROCHA's

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

7

drone operation constituted criminal interference, investigated Plaintiff ROCHA, assembled warrant materials, and referred him for prosecution.

57. Because Defendant BERG continues to perform those enforcement functions under Defendant CUNNINGHAM's direction and command, Plaintiff ROCHA faces a credible threat that Defendants will again investigate, arrest, cite, or refer him for prosecution if he undertakes the intended future conduct described above.

58. As a result, Plaintiff ROCHA has forgone and continues to forgo otherwise lawful flights and coverage of matters of public concern that he would undertake but for the credible threat that Defendants will again treat his constitutionally protected activity as criminal interference under M.C.L. § 259.321, as part of the *Unmanned Aircraft Systems Act*.

59. Because Defendants previously investigated Plaintiff ROCHA and referred him for prosecution under M.C.L. § 259.321, and because the statute remains in force without an objective narrowing policy governing Defendants' enforcement activities, Plaintiff faces a credible threat that Defendants will again investigate, arrest, cite, or refer him for prosecution if he resumes comparable public-interest recording as an exercise of his protected First Amendment activities.

60. Consistent with *Olivier v. City of Brandon*, 607 U.S. 552 (2026), Plaintiff ROCHA seeks wholly prospective relief—only freedom from unconstitutional enforcement against future conduct—and does not request any relief from his prior conviction or sentence.

## COUNT I
## FIRST AMENDMENT PROSPECTIVE CHALLENGE TO ENFORCEMENT OF M.C.L. § 259.321, MICHIGAN'S *UNMANNED AIRCRAFT SYSTEMS ACT*
## 42 U.S.C. § 1983

61. The prior allegations are realleged herein.

62. Creating photographs and audiovisual recordings is protected when it is an integral step in disseminating information and ideas.

63. Recording police officers performing public duties in public places also serves the First Amendment interest in gathering information about government conduct.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

64. This protection extends to citizen journalists and does not depend on traditional press credentials, payment, or a conventional media employer.

65. The protection is qualified.

66. Government may enforce content-neutral, narrowly tailored rules that materially advance safety and prevent actual obstruction while leaving adequate alternatives for recording and publication.

67. M.C.L. § 259.321 serves legitimate and substantial interests when applied to intentional operation that materially obstructs, hinders, delays, endangers, or physically disrupts public-safety duties.

68. However, Defendants' unconstitutional interpretation and threatened future application extend "interferes" to non-obstructive recording because an officer must notice a civilian drone, because a recording reveals what is visible from a lawful vantage, because information is livestreamed, or because a hypothetical sequence might create risk absent reasonable separation.

69. The presence of another aircraft does not become "interference" merely because an officer elects to divert attention toward it or suspends operations in response to a speculative contingency.

70. Otherwise, an official's unilateral response could convert lawful observation into criminal interference and then chill or terminate protected First Amendment activity.

71. Plaintiff ROCHA does not seek special access to a closed governmental crime scene, restricted location, confidential information, or information unavailable to the public.

72. Plaintiff ROCHA seeks only to create and publish his own recording of official conduct visible from a place and airspace in which he is otherwise lawfully present.

73. As so applied, M.C.L. § 259.321 burdens Plaintiff ROCHA's protected newsgathering more than necessary, delegates unbounded discretion to officers to define an incident's airspace and duration, lacks objective notice of the line between observation and crime, and supplies no

adequate alternative for obtaining the same aerial perspective on time-sensitive official conduct.

74.    As such, M.C.L. § 259.321 violates the First Amendment as applied.

75.    The prior enforcement, the successful prosecution, the ongoing statute, the same responsible officials, Rocha's intended future recording, and the absence of a binding narrowing policy create a credible threat of repeated enforcement and continuing self-censorship.

76.    Defendants' threatened future enforcement against the protected activity described above violates the First and Fourteenth Amendments.

**COUNT II**
**FOURTEENTH AMENDMENT DUE PROCESS CHALLENGE TO M.C.L.**
**§ 259.321, MICHIGAN'S *UNMANNED AIRCRAFT SYSTEMS ACT***
**VOID FOR VAGUENESS AS APPLIED**
**42 U.S.C. § 1983**

77.    The prior allegations are realleged herein.

78.    The Due Process Clause of the Fourteenth Amendment requires that a penal statute define the offense it creates with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

79.    Because M.C.L. § 259.321 implicates First Amendment-protected newsgathering and expression, a more stringent vagueness standard applies. *Grayned v. City of Rockford*, 408 U.S. 104, 108-109 (1972); *Reno v. ACLU*, 521 U.S. 844, 871-872 (1997).

80.    M.C.L. § 259.321 criminalizes operating an unmanned aircraft system "in a manner that interferes with" the official duties of specified public-safety personnel, but nowhere defines "interferes," specifies an objective separation distance or altitude, or distinguishes physical obstruction of an officer's duties from mere observation, recording, or publication of information visible from a lawful vantage.

81.    The *Unmanned Aircraft Systems Act* supplies no ascertainable standard by which a drone operator can determine in advance whether non-

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

obstructive recording of visible police activity will be deemed "interference," because its application depends on an individual officer's subjective, after-the-fact assessment of distraction or operational inconvenience when being recorded.

82.     As applied to Plaintiff ROCHA, the *Unmanned Aircraft Systems Act* permitted a single deputy to declare, in the moment and without any announced altitude, distance, boundary, or duration, that any civilian drone near an undefined "incident area" was "interfering" with his duties, and to treat noncompliance with that undefined and unannounced boundary as sufficient basis for a criminal referral.

83.     A state statute like M.C.L. § 259.321 that leaves criminal liability to the undisclosed, idiosyncratic judgment of the officer being recorded or operating a government drone lacks the objective standard the Due Process Clause requires and invites ad hoc enforcement based on individual officers' undisclosed ad hoc assessments rather than ascertainable standards. *Kolender*, 461 U.S. at 358; *City of Chicago v. Morales*, 527 U.S. 41, 64 (1999).

84.     Because the *Unmanned Aircraft Systems Act* fails to draw an objective line between constitutionally protected observation and recording, on the one hand, and unprotected physical obstruction of official duties, on the other, Plaintiff ROCHA has no fair notice of when his lawful newsgathering and recording matters of public concern crosses into criminality.

85.     M.C.L. § 259.321's failure to provide fair notice and its delegation of unbridled enforcement discretion, as applied to non-obstructive recording and publication of police activity in public places, violates the Due Process Clause of the Fourteenth Amendment and independently supports the prospective relief requested below.

86.     Defendants' threatened future enforcement of M.C.L. § 259.321 against non-obstructive recording, newsgathering, publication, and livestreaming of police activity in public places, without an objective and narrowly tailored standard separating protected observation from unprotected interference, violates the Fourteenth Amendment.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**RELIEF REQUESTED**

87.   WHEREFORE, Plaintiff RAY ROCHA respectfully requests this Court to—

a.   declare that M.C.L. § 259.321 may not constitutionally be enforced against Plaintiff ROCHA's future operation of a drone to record or livestream of police performing public duties in public places unless his drone operation materially obstructs, hinders, delays, endangers, or physically disrupts those duties under an objective and narrowly tailored standard;

b.   declare that M.C.L. § 259.321, as interpreted and threatened to be applied to Plaintiff ROCHA's intended future non-obstructive drone recording and publication of police activity in public places, is unconstitutionally vague under the Fourteenth Amendment because it fails to provide fair notice and delegates unbounded ad hoc enforcement discretion to individual officers;

c.   enjoin Defendants from investigating, arresting, citing, referring, or requesting the prosecution of Plaintiff ROCHA under M.C.L. § 259.321 for operating a drone to record police activity from a lawful location and in compliance with applicable aviation requirements unless, viewed objectively, the operation creates an imminent collision hazard or directly and materially impedes a specifically identified official act;

d.   award attorney fees and costs under 42 U.S.C. § 1988(b) and all other applicable statutes, rules, or regulations; and

e.   grant any additional prospective relief the Court deems just and proper.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

12

Date: August 9, 2026

RESPECTFULLY SUBMITTED:

*Philip L Ellison*

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
THOMAS J. LAMBERT (P86348)
Attorneys for Plaintiff
530 West Saginaw St
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com
tlambert@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

13